ESTATE OF HARRY SCHNEIDER, DECEASED, MOLLY SCHNEIDER, ADMINISTRATRIX, AND MOLLY SCHNEIDER, ET AL., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54290, 54291, 54293.[1]  Filed July 17, 1958.

*Solomon M. Lowenbraun, Esq.,* and *Philip Leavitt, Esq.,* for the petitioners.

*Charles M. Greenspan, Esq.,* and *John A. Dunkel, Esq.,* for the respondent.

---

[1] The above cases, Docket Nos. 54290 (Molly Schneider), 54291 (Katherine Schneider), and 54293 (Manny Schneider), were consolidated with Docket Nos. 54289, 54292, 54294, 54295, and 54296 for trial. The five cases last above listed were separated from the three present cases and were the subject of a finding of fact and opinion under the name of *Estate of Harry Schneider,* 29 T. C. 940. Disposition of the three present cases, involving a question then pending in the Supreme Court of the United States in a case under the name of *Commissioner* v. *Stern,* 357 U. S. 39, was postponed to await the decision of the Supreme Court in the case of *Stern,* which decision was handed down on June 9, 1958.

### OPINION.

VAN FOSSAN, *Judge:* Respondent determined each of the petitioners herein to be liable as a transferee of the assets of Harry Schneider, deceased, and levied a jeopardy assessment against each of them. On brief, respondent reduced the liability of petitioners to the following amounts:

| Docket No. | Petitioner | Transferee liability |
|---|---|---|
| 54290 | Molly Schneider | $16,292.12 |
| 54291 | Katherine Schneider | 20,001.66 |
| 54293 | Manny Schneider | 24,390.80 |

An alternate claim for $7,578.75 representing the redemption value of United States savings bonds placed in coownership on February 6, 1951, was made in Docket No. 54290.

There are three questions presented. First, whether the receipt by each of the three petitioners of proceeds of life insurance policies upon the life of Harry Schneider, who died April 20, 1951, rendered each of such petitioners liable as transferees of the assets of Harry Schneider under the terms of section 311 of the Internal Revenue Code of 1939; second, whether petitioner Molly Schneider is liable as transferee of the redemption value of certain United States savings bonds held in coownership form with Harry Schneider as of February 6, 1951; and third, whether the receipt by petitioner Manny Schneider of the proceeds of various "Totten trusts" rendered him liable as a transferee of the assets of Harry Schneider.

The findings of fact and opinion of this Court in the case of *Estate of Harry Schneider*, 29 T. C. 940, are incorporated herein by this reference as though set forth in full.

We consider first the question of whether the receipt by petitioners of the proceeds of life insurance policies upon the life of Harry Schneider rendered each of them liable as transferees.

Under date of June 9, 1958, the United States Supreme Court handed down its opinion in the case of *Commissioner* v. *Stern, supra,* deciding the question above stated and holding that recovery of unpaid Federal income taxes from a beneficiary of insurance, in the absence of a lien, can be sustained only to the extent that State law imposes such liability in favor of the creditors of the insured.

Here there was no evidence of a lien; therefore, we must turn to the law of the State of New York, which was the residence of both Harry Schneider and the petitioners herein.

There are two pertinent provisions of New York law: Article 7, section 166 of the New York Insurance Law [2] and article 10, section 273 of the New York Debtor and Creditor Law.[3]

[2] Sec. 166. Exemption of proceeds and avails of certain insurance and annuity contracts

1. If any policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable, by assignment, change of beneficiary or otherwise, to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance. If any policy of insurance has been or shall be effected by any person upon the life of another person in favor of the person effecting the same or made payable, by assignment, change of beneficiary or otherwise, to such person, the latter shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured; if the person effecting such insurance shall be the wife of the insured, she shall be entitled to the proceeds and avails of such policy as against her own creditors, trustees in bankruptcy and receivers in state and federal courts. If any policy of insurance has been or shall be effected by any person on the life of another person in favor of a third person beneficiary, or made payable, by assignment, change of beneficiary or otherwise, to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured and of the person effecting the insurance. The term "proceeds and avails" shall include death benefits, cash surrender and loan values, premiums waived, and dividends, whether used in reduction of the premiums or in whatsoever manner used or applied, excepting only where the debtor has, subsequent to the issuance of the policy, actually elected to receive the dividends in cash. The person insured in a case under the first sentence of this subsection or the person effecting the insurance other than the wife of the insured in a case under the second sentence, and the person effecting the insurance under the third sentence thereof, or the executor or administrator of any such persons, or a person entitled to the proceeds or avails of such policy in trust for such persons shall not be deemed a third person beneficiary, assignee or payee. A policy shall be deemed payable to a third person beneficiary if and to the extent that, a facility-of-payment clause or similar clause, in the policy permits the insurer to discharge its obligation after the death of the person insured by paying the death benefits to a third person as herein defined. The provisions of this section shall be applicable whether or not the right is reserved in any such policy to change the beneficiary therein designated, and whether or not the policy is made payable to the person whose life is insured if the beneficiary, assignee or payee shall predecease such person; and no person shall be compelled to exercise any rights, powers, options or privileges under such policy.

\*    \*    \*    \*    \*    \*    \*

4. Every assignment or change of beneficiary, or other transfer, shall be valid, except in cases of transfer with actual intent to hinder, delay or defraud creditors, as such actual intent is defined by article ten of the debtor and creditor law; in case of transfer with such actual intent, creditors shall have all the remedies provided by said article ten. Where a policy of insurance, theretofore payable to the estate of the insured, is, by assignment, change of beneficiary or otherwise, made payable to a third person beneficiary, such assignment, change of beneficiary or other transfer shall be valid, unless made with such actual intent. Subject to the statute of limitations, the amount of premiums or other consideration paid with actual intent to defraud creditors as provided in said article ten, together with interest on such amount, shall enure to the benefit of creditors from the proceeds of the policy or contract; but the insurer making or issuing such policy or contract shall be discharged of liability thereunder by making payments thereunder in accordance with its terms, or in accordance with any assignment, change of beneficiary or other transfer, unless before any such payment such insurer shall have received written notices, by or on behalf of any such creditor, of a claim to recover any such benefits or portion thereof on the ground of a transfer or payment made with intent to defraud such creditor. Such notice shall specify the amount claimed or such facts as will enable the insurer to ascertain such amount, and shall set forth such facts as will enable the insurer to ascertain the insurance or annuity contract, the person insured or annuitant and the transfers or payments sought to be avoided on the ground of fraud.

[3] Sec. 273. Conveyances by insolvent

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

The United States Court of Appeals for the Second Circuit determined, in *Rowen* v. *Commissioner*, 215 F. 2d 641 (1954), a case similar to the case at bar, that under paragraph 1 of article 7, section 166, of the New York Insurance Law—

both an original beneficiary and a substituted beneficiary or assignee of a life insurance policy shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted.

But Paragraph 4 of Section 166 * * * excepts from Paragraph 1 cases of "actual intent to hinder, * * *" and by its express provision applies only to substituted beneficiaries, or assignees, * * *

There is no evidence that any of the beneficiaries here concerned were other than original beneficiaries. Even were we to assume that each of the petitioners herein were substituted beneficiaries or assignees, there is no evidence that the transfers to them were made with "actual intent to hinder."

Turning to a discussion of the New York Debtor and Creditor Law, the court, in the *Rowen* case, *supra*, continued:

Under this law, the rights of creditors to reach property transferred by a debtor without fair consideration depend upon the debtor's insolvency at the time the conveyance was made, which is defined as the time when some payment or transfer by the debtor was made. In Central Nat. Bank of Washington v. Hume, 128 U. S. 195, * * * the Supreme Court, although there not particularly concerned with New York law, recognized the payment of premiums as fixing the date of the transfer. We think it implicit in the New York cases declarative of that law that a "transfer" under an insurance policy payable to one other than the insured or his estate occurs when the first premium is paid or when after an assignment or change of beneficiary the first premium is thereafter paid thereon.

In the case at bar there was no finding that the insured, Harry Schneider, was insolvent at any time prior to his death. Consequently, he was not insolvent at the time the transfer to the beneficiaries took place, and under New York law the creditors of the deceased, Harry Schneider, cannot reach the insurance proceeds in the hands of the beneficiaries.

We hold that the receipt by petitioners herein of proceeds of life insurance policies upon the life of Harry Schneider, deceased, did not render them liable as transferees under section 311 of the Internal Revenue Code of 1939.

The second question is whether petitioner Molly Schneider is liable as transferee of the assets of Harry Schneider in the amount of $7,578.75, the redemption value of certain United States savings bonds placed in coownership on February 6, 1951.

On February 6, 1951, certain United States savings bonds originally purchased by Harry Schneider in his name alone were put in coownership form in the names of Harry Schneider and Mary (Molly)

Schneider, and were so held without change to the date of Harry Schneider's death. Their redemption value at that time was $7,578.75.

As noted above, there was no finding that Harry Schneider was insolvent prior to his death on April 20, 1951. The bonds were placed in coownership form on February 6, 1951; the transfer was therefore not in fraud of creditors within the meaning of article 10, section 273, of the New York Debtor and Creditor Law (above quoted), and Molly Schneider is not liable as transferee of the redemption value of the bonds.

The last question is whether Manny Schneider is liable as transferee of the assets of Harry Schneider in the amount of $21,372.14, the total proceeds of various Totten trusts established by Harry Schneider.

Our opinion in *Estate of Harry Schneider*, incorporated herein by reference, makes discussion of this question superfluous. We hold petitioner Manny Schneider liable as transferee of the assets of Harry Schneider to the extent of trust assets individually received.

*Decisions will be entered under Rule 50.*